UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                    *Plaintiff*,

                                       **NOTICE OF MOTION**

     v.

GERRIT MORA                                Case # 14-CR-00142(WMS)

                    *Defendants*.

---

**DEFENDANT GERRIT MORA'S SENTENCING MEMORANDUM, STATEMENT REGARDING SENTENCING FACTORS AND LETTERS IN AID OF SENTENCING**

DATED:     Buffalo, New York
              December 7, 2015

                                        Respectfully submitted,

                                        /s/Herbert L. Greenman

                                        HERBERT L. GREENMAN, ESQ.
                                        LIPSITZ GREEN SCIME CAMBRIA LLP
                                        Attorneys for Defendant
                                        GERRIT MORA
                                        Office and Post Office Address
                                        42 Delaware Avenue – Suite 120
                                        Buffalo, New York 14202
                                        (716) 849-1333
                                        hgreenman@lglaw.com

TO: FRANK PIMENTEL, ESQ.
   ASSISTANT UNITED STATES ATTORNEY
   Federal Centre
   138 Delaware Avenue
   Buffalo, New York 14202

## PRELIMINARY STATEMENT

On March 8, 2014, Gerrit Mora was arrested by agents assigned to Homeland Security Investigations (HSI) Mr. Mora was subsequently charged with conduct occurring between January 1, 2014 and March 7, 2014 with Possession with Intent to Distribute a Quantity of MDMA in violation of Title 21 USC §841(a)(1) and 21 USC §846.

Mr. Mora appeared before United States Magistrate Judge Leslie D. Foschio and pled guilty to the first count of the indictment as set forth above. On August 25, 2015 Senior United States District Judge William M. Skretny adopted the Report and Recommendation of Magistrate Judge Foschio accepting Mr. Mora's guilty plea and adjudging him guilty.

## MR. MORA'S CRIME OF CONVICTION

The presentence report accurately sets forth Mr. Mora's crime of conviction at beginning of paragraph 6. In sum and substance, Mr. Mora has admitted that he began a partnership with his co-defendant. Mr. Mora discovered a website from which he learned controlled substances could be purchased from outside the United States. He spoke with his co-defendant about purchasing drugs and the two "collaboratively" used the website in order to purchase MDMA both domestically and internationally. His co-defendant was to provide him with the money with which to purchase the drugs and Mr. Mora made the arrangements for the drugs to be delivered. Subsequently, he provided the drugs to his co-defendant who sold them. Mr. Mora was arrested on March 7, 2014 and after a short discussion with the agents, he was arrested and charged with the crimes as set forth above. He was subsequently released on bail with conditions on March 8, 2014.

## MR. MORA'S PRETRIAL ADJUSTMENT

Paragraph 5 of the presentence report accurately indicates that Mr. Mora, aside from having tested positive for marijuana the day after he was arrested, has been totally compliant with all of the terms and conditions of his pretrial release. As indicated, Mr. Mora has always reported as directed and, as will be set out below, has fully participated in all of the mental health and drug treatment counseling and has continuously tested negative for any controlled substances.

### MR. MORA'S COOPERATION WITH THE AUTHORITIES

Within a few weeks after his arrest, Mr. Mora agreed to cooperate with the authorities. He sat through two proffer sessions and attempted to actively cooperate. The government has advised that notwithstanding the fact that Mr. Mora was, in all regards, truthful and provided accurate information, it was unable to utilize his cooperation and, as a result, the government has not made a motion pursuant to USSG §5K1.1 of the United States Sentencing Guidelines. However, as will be set forth below, we believe that this court may, in its discretion, consider Mr. Mora's cooperation.

In addition to the first meeting with numerous agents, Mr. Mora was also asked to provide information to agents in Rochester, New York which he did.

### GERRIT MORA'S PERSONAL CIRCUMSTANCES

Gerrit Mora is 22 years old. At the time of his arrest he was 20 years old. The presentence report describes in detail Mr. Mora's background and we believe the information contained therein is accurate. Initially, Mr. Mora grew up in a stable environment. However, his father was seldom home and he had little to no interaction with the Mora family. Mr. Mora's mother Lynda Vandenberg was solely responsible for the upbringing of her son.

As set forth in the report, when Mr. Mora was a young child he began to suffer from major depression. As he noted, his father was "never around," and his mother was left to raise him. Mr. Mora has advised "my mother primarily raised me. I had a good childhood thanks to her."

When Mr. Mora was in the fifth grade, his parents separated and were later divorced. Mrs. Vandenberg indicated "Jose doesn't really know the boys. He never went to a single event of theirs when they were in school."

As indicated in paragraph 63 through 70 of the presentence report, Mr. Mora has a substantial history of mental health issues. He was first diagnosed with major depression in 2008. Through his adolescence, Mr. Mora suffered from suicidal ideations. As a result, Mr. Mora began to self-medicate with many types of controlled substances which further fostered significant problems in his life.

By 2013, Mr. Mora was diagnosed with poor concentration, a hopeless mood, anger, fatigue and significant feelings of hopelessness and helplessness, coupled with sleep difficulties. He was once again diagnosed with major depression.

After a number of trips to the hospital as a result of various suicidal ideations, he was once again diagnosed with major depression with little or no desire to "get out of bed in the morning." He also had no appetite.

Mr. Mora continued on a downward spiral through that time. As indicated at paragraphs 71 through 78 he developed a significant history of alcohol and drug abuse, using numerous different types of controlled substances. Eventually, he began to use ecstasy (MDMA) as a means of self-medicating his mental health issues.

Immediately after his arrest, Mr. Mora made a significant decision to rid himself of controlled substances. He is currently under the treatment of numerous physicians and social workers and is treated on a regular basis for depression, anxiety and panic attacks. He has been prescribed clonazepam and has taken it as needed for his depression/anxiety. As will be seen in the letters attached hereto, Mr. Mora has made tremendous strides as a result of his cooperation with his mental health counselors. Again, since March, 2014 he has attended regular therapy meetings which have addressed both is mental health and drug use issues. The presentence report indicates that since being placed under pretrial supervision, Mr. Mora has not used any illicit drugs and does not drink alcohol. As advised, he has submitted all negative urine screens since the first test. Additionally, Mr. Mora is a full-time student at Erie Community College.

Paragraph 83 of the presentence report advises that Mr. Mora will obtain his degree by the end of December, 2015 and expects to go on to a full-time four year college. Since his arrest, he has a Grade Point Average of 4.00 and is an A student.

### MR. MORA'S ACCEPTANCE OF RESPONSIBILITY AND CONTRITION

After candidly admitting his crime of conviction and the details thereof, Mr. Mora advised the probation officer that:

> I don't blame anyone for the actions I took; I don't blame my own drug use or mental illness. It was a conscious decision based on greed. At the time, I had no regard for how it would impact me, my family, or the community. The drugs that I brought in were very dangerous. I am really ashamed and I take responsibility for my actions. Through counseling and this entire criminal process, I have come to realize the impact all this had on my life. I have done a lot of positive things since this happened and I am not willing to go back to that mindset. I plan on completing my current studies at ECC, continuing my education at RIT (Rochester Institute of Technologies) and begin a career in the Information Technology field.

Simply put, Mr. Mora has made significant changes to his life. Aside from school, he also worked with numerous jobs and has become a responsible citizen of his community. As a result, we ask this Court to consider a period of probation or supervised without a need for incarceration with conditions set by the Court. While Mr. Mora no doubt still suffers from mental health issues, he is resigned to become the person his mother always hoped he would be.

Mrs. Vandenberg has had numerous conversations with counsel and has indicated that she looks at the federal criminal prosecution as a Godsend. Her son is now a healthy young man who is consciously working at the serious mental health and drug abuse issues he previously had. Indeed, Mr. Mora himself has advised that he feels like a different person at this point in time. The downward spiral has now stopped and has moved in a completely different direction. Simply put, given all of the circumstances of this case, we ask the Court to consider a non-Guideline sentence which imposes whatever conditions the court deems appropriate while allowing Mr. Mora to continue in school and to continue on his way to regaining his health.

## REQUEST FOR A NON-GUIDELINE SENTENCE

It has been said that "it has been uniform and constant in the federal judicial tradition for a sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue" *Koon v. United States*, 518 US 81 (1996); *Pepper v. United States*, 562 US 476 (2011). Indeed, in *Pepper, supra*, the court noted that underlying this tradition as the principle, "the punishment should fit the offender and not merely the crime." *Williams v. New York*, 337 US 241, 247; *Pennsylvania ex rel. Sullivan v. Ashe*, 302 US 51, 55 (1937) and "for the determination of sentences, justice generally requires consideration of more than the particular

acts by which the crime was committed and that there be taken into account the circumstances of the offense together with the character and propensities of the offense."

And, as stated in *Pepper v. United States, supra*, "permitting sentencing courts to consider the widest possible breadth of information about a defendant ensures that the punishment will suit not merely the offense but the individual defendant." (Citing *Wasman v. United States*, 468 US 559, 564 (1984). As well, courts have stated that "no limitation shall be placed on the information concerning the background, character and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence. *United States v. Watts*, 519 US 148, 151 (1997) (per curiam).

Moreover, a sentencing judge has a wide latitude to decide a proper degree of punishment for an individual offender such as Mr. Mora together with his particular crime of conviction. The courts generally will conduct their own independent review of all of the sentencing factors which are generally aided by the argument of the prosecution and the defense. *United States v. Cavera*, 550 F3d 180 (2d Cir., 2008).

## MR. MORA'S REHABILITATIVE EFFORTS

Both the presentence report and the letters which are attached hereto outline Mr. Mora's efforts at rehabilitation. As can be seen, both Mr. Mora's mental health and drug abuse issues have been addressed. Mr. Mora has been negative for any controlled substances, a feat which he had not been able to accomplish since the early age of 15 years old. He understands, however, that there is a need for further counseling which he intends to continue. Both drug and alcohol counseling have had a significant effect on Mr. Mora. Today, he is able to work, do volunteer work and attend school on a full-time basis. His grades are exceptional and he is ready to move

on to further higher education. He is a very bright young man who, sadly, has had to deal with his own demons.  While it would be easy to say that he should have done so at an earlier age, the fact of the matter is that he now more seriously considers the good things in his life.  His mother has the son she loves so dearly back.

Without any doubt, efforts at rehabilitation can be considered by a sentencing judge when considering what the appropriate sentence should be. As courts have found, post-arrest efforts at rehabilitation may be highly relevant to numerous Title 18 USC §3553(a) factors which Congress has expressly instructed courts to consider at the time of sentencing.  That is because, as the Supreme Court has held, those efforts evidence and are relevant to "the history and characteristics of the defendants."  §3553(a)(1).  It is also pertinent to "the need for the sentence imposed" and to serve the general purposes of sentencing set forth in §3553(a)(2) "to afford adequate deterrence to criminal conduct", "protect the public from further crimes of the defendant," and "provide the defendant with needed education or vocational training…or other correctional treatment in the most effective manner."  (See 18 USC §3553(a)(2)(B)-(D).  (*Pepper v. United States, supra* at 1242).

And, as the Supreme Court has further noted, evidence of a defendant's conduct since his release from custody "provides the most up-to-date picture of his history and characteristics." (Citing *United States v. Bryson*, 229 F3d 425, 426 (2d Cir., 2000). (A court's duty is always to sentence a defendant as he stands before the Court on the day of sentencing.")

When Mr. Mora was first arrested, he stood before the Court as a highly depressed drug addict. Today, he is a totally different person.  He has fully accepted responsibility and understands that he must accept whatever sentence this Court imposes. He is ready to do so.

Simply put, we believe that a sentence without the need for a period of incarceration under whatever conditions the court imposes will be "sufficient, but not greater than necessary" to meet the ends of justice. (18 USC §3553(a)(1)).

For those reasons, we respectfully urge the court to consider all of the factors together with the letters which are attached hereto when imposing a just and appropriate sentence.

## MR. MORA'S COOPERATION WITH THE AUTHORITIES

It is true that Mr. Mora will likely receive a further downward adjustment based on the "safety valve" provisions of United States Sentencing Guidelines. However, we believe that Mr. Mora has also cooperated with the government and we ask the Court to consider his other cooperation with government attorneys and agents while imposing a non-incarcerative sentence. For example, in *United States v. Fernandez*, 443 F3d 19, 33 (2d Cir., 2006) the Second Circuit Court of Appeals found that a court, in fashioning an appropriate sentence within the meaning of 18 USC §3553(1), may include "the contention that the defendant made efforts to cooperate, even if those efforts did not yield a motion for a downward departure pursuant to USSG §5K1.1" ("non-5K cooperation"). In other words, §3553(a) does not limit consideration of cooperation to a government motion.  And, in *United States v. Solis*, 169 F3d 224, 226-27 (5th Cir., 1999), the court noted that §3553(a) does not limit consideration of cooperation to the government motion because that provision is a "sweeping provision [that] presumably includes the history of a defendant's cooperation and characteristics evidenced by cooperation, such as remorse or rehabilitation."  See also *United States v. Robinson*, 741 F3d 588, 599-601 (5th Cir., 2014).

For the foregoing reasons, therefore, we ask the court to consider all of the §3553(a) factors. We do expect the Court to find that Mr. Mora's crime of conviction was, no doubt

egregious. However, we ask the Court to also consider who he previously was together with what he has accomplished more recently.

## LETTERS ON BEHALF OF MR. MORA

We have attached hereto numerous letters which counsel has received from Mr. Mora's family, friends and associates. One of Mr. Mora's counselors Michael Knope who has been involved in significant counseling with Mr. Mora has indicated:

> Since his arrest and getting involved in regular scheduled therapy appointments, Gerrit has seen with himself-improvement and has viewed this not only as a "wakeup call" but he sees this as a "pivotal point of change." Gerrit has been attending Erie Community College where he has a 4.0 GPA, he has made the Dean's list each semester and he was nominated Best Student in Technology by one of his professors. Gerrit is anticipating graduating in December, 2015 and is planning to attend RIT in January, 2016…, Gerrit has indeed grown and matured through this process. He acknowledges his poor decisions and naivety and has taken complete responsibility and accountability.  Gerrit has been completely committed and steadfast to his abstinence from drugs and alcohol since his arrest and, in fact, he is no longer complaining of being depressed or complains of being anxious since he has taken control of his life and taken control of making decisions to accomplish his goal. Gerrit has spoken proudly of his accomplishments and he continues to demonstrate a commitment to himself and to his family in getting his life on a positive track. Throughout treatment, Gerrit has learned about "emotional intelligence" by identifying the qualities, traits and characteristics about himself that had led him to those self-sabotaging behaviors. And he also learned and gained a deeper understanding and insight into his own personal characteristics that will provide him the strength and courage to sustain his growth and success at being "in control" versus being reactive and impulsive.

Mr. Mora's mother, Lynda VandenBerg has seen the roller coaster ride her son has already taken. She advises that Gerrit's behavior's which led to the criminal act he committed are inexcusable.  At that time, "Gerrit chose a path of self-destruction with a knowing eye and what the consequences would be.  Gerrit reached the lowest possible level in thinking in actions in the

life he was living." However, she noted that since her son's arrest in March, 2014, "Gerrit and I have had many hours of below-the-surface conversations. Gerrit has repeatedly expressed to me his deep remorse for his actions, stating that he regrets the clearly selfish choice he made to commit the criminal acts; that there is no excuse for what he did and that he accepts full responsibility. He states that "he is proving himself to me to be true to his words because from within himself, I have witnessed Gerrit take on a life of living that, on all accounts, embodies responsibility for himself on all levels without apathy. He has a new regard for his family, friends and the community we live in."

The other letters which we are submitting to the court seem to tell the same story. While Mr. Mora is not completely "healed", he is certainly on the way to a new life. We hope that he will be able to continue on his path to sobriety and good mental health.

## STATEMENT REGARDING SENTENCING FACTORS

Counsel has reviewed the presentence report with Mr. Mora. In all regards, counsel and Mr. Mora agree that the factual information contained therein is accurate and that the Guideline calculations, as well, are correct.

## CONCLUSION

Gerrit Mora no doubt committed a serious crime. He understands that there are no excuses for what he did. MDMA is a dangerous drug which cannot be condoned. We do not expect that the Court will forgive nor do we expect that the Court will forget about what Mr. Mora did.

That being said, however, as the Court will hopefully see, today Mr. Mora is a new, dedicated young man. At 22 he has observed all of the evils that drugs provide. He no longer is

involved with the drug scene, does not use drugs or alcohol and he has become a productive member of his community.

For the reasons we have stated herein, we respectfully urge the Court to fashion a sentence where Mr. Mora will be able to continue moving forward in his young life.  A felony conviction is no small matter.  He will have to live with it for the rest of his life.

We therefore ask the Court to sentence Mr. Mora accordingly.

>Respectfully submitted,
>
>/s/Herbert L. Greenman
>
>_____
>HERBERT L. GREENMAN, ESQ.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,
                          *Plaintiff,*

           v.

GERRIT MORA                          Case # 14-MJ-01012(JJM)
                          *Defendants.*

**CERTIFICATE OF SERVICE**

     I hereby certify that on 12/7/15, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system.

     I hereby certify that on 12/7/15 a copy of the foregoing was also delivered to the following via CM/ECF.

     FRANK PIMENTEL, ESQ.
     ASSISTANT UNITED STATES ATTORNEY
     Federal Centre
     138 Delaware Avenue
     Buffalo, New York 14202

Dated:     December 7, 2015

                                                               /s/Elizabeth M. Jagord-Ward

                                                               Elizabeth M. Jagord-Ward